**PEGGY HAYNES**          *          **NO. 2023-CA-0678**

**VERSUS**          *          **COURT OF APPEAL**

**SEWERAGE AND WATER**          *          **FOURTH CIRCUIT**
**BOARD OF NEW ORLEANS**
          *          **STATE OF LOUISIANA**

          *

          *
**\* \* \* \* \* \* \***

JENKINS, J. DISSENTS IN PART AND CONCURS IN PART.

I dissent in part and concur in part. I find that the plaintiff met her burden to establish Drennan is not entitled to Summary Judgment in light of the material issues of genuine fact concerning Drennan's liability for the plaintiff's accident.

The majority concluded that the plaintiff did not meet her burden of proof because her reliance upon a SWBNO March 2017 Work Order was improper. The SWBNO March 2017 Work Order was identified and authenticated in Mr. Tharp's deposition, but the excerpts of his deposition attached to the plaintiff's opposition to Drennan's motion for summary judgment did not include the part of Mr. Tharp's deposition wherein he identified and authenticated the document. However, as the majority notes, the plaintiff did attach Mr. Tharp's entire deposition to her opposition to SWBNO's motion for summary judgment.[1]

---

[1] During his deposition, Mr. Tharp identified documents produced in response to the plaintiff's requests for discovery, which included March 2017 Work Order.

BY [COUNSEL FOR MRS. HAYNES]:
    Q.    Mr. Tharp, these are documents that were provided to me today. They are Bates-stamped SWBNO 1 through 171.
            Are these all the documents that your search of the records held by the Sewerage & Water Board have concerning the document production inquiry set forth in the notice of deposition?
    A.    Yes.

The majority relies upon the 2016 amendment to La. C.C.P. article 966(A)(4), which provides:

> The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions.

However, La. C.C.P. article 966 was recently amended by Acts 2023, No. 317. La. C.C.P. article 966 (A)(4) now provides:

> (4)(a) The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.
> (b) *Any document listed in Subsubparagraph (a) of this Subparagraph previously filed into the record of the cause may be specifically referenced and considered in support of or in opposition to a motion for summary judgment by listing with the motion or opposition the document by title and date of filing.* The party shall concurrently with the filing of the motion or opposition furnish to the court and the opposing party a copy of the entire document with the pertinent part designated and the filing information. (emphasis added).

La. C.C.P. article 966 (D) was also amended to provide:

> D. (1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
> (2) *The court shall consider only those documents filed or referenced in support of or in opposition to the motion for summary judgment* but shall not consider any document that is excluded pursuant to a timely filed objection. Any objection to a document shall be raised in a timely filed opposition or

(Marked for identification as Exhibit 2 – Document production, SWBNO 1 through 171.)

reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing whether the court sustains or overrules the objections raised. (emphasis added).

I find that the 2023 amendment was procedural in nature and thus, retroactive. *Johnson v. River Birch, LLC et al*, 23-021 (La. App. 5 Cir. 12/20/23), 378 So.3d 247.

The deposition testimony and documentation produced by the plaintiff in opposition to Drennan's motion for summary judgment was sufficient to show that there are genuine issues of material fact concerning Drennan's liability for her accident. The deposition testimony and documentation reveals that Drennan was working in the area of where the hole was located in the three months prior to the plaintiff's accident. In light of the 2023 amendment to La. C.C.P. art. 966, the March 2017 Work Order should be considered and supports a finding that there are genuine issues of material fact regarding Drennan's liability. In addition, there is testimony by Mr. Drennan in his deposition that Drennan had performed work in the area of the hole in January and February of 2017.

Accordingly, I find that Drennan is not entitled to summary judgment. The trial court's judgment granting Drennan's motion for summary judgment should be reversed.

I concur in all other aspects of the opinion. I agree with the majority that the plaintiff met her burden of establishing that there are genuine issues of material fact concerning the liability of SWBNO and Entergy and that the trial court's judgments granting the motions for summary judgment of SWBNO and Entergy should be reversed.